UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARRYL CHESTER (K-58557), ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 15 C 5288 |
| v. ) | |
| ) | Judge Sara L. Ellis |
| LT. TUCKER, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

For Plaintiff Darryl Chester, the old adage "snitches get stiches," rang painfully true. After correctional officers publicly called Chester a "snitch," beat him, and caused another inmate to attack him for being a "snitch," Chester filed this lawsuit against Lieutenant Earl Tucker, Deputy Marquis Beauchamp, Cook County Sheriff Tom Dart, Cook County, and Unknown Cook County Correctional Officers ("Defendants") under 42 U.S.C. § 1983 alleging violations of his Fourth Amendment and Fourteenth Amendment[1] rights arising from incidents with the correctional officers on March 18, 2013 and April 9, 2013, and a subsequent altercation on May 22, 2013, with another inmate. Chester also seeks state law indemnification pursuant to the Local Government and Governmental Employees Tort Immunity Act, 745 Ill. Comp. Stat. 10/9-102. Defendants move to dismiss [33] Chester's First Amended Complaint ("FAC") because he has insufficiently pleaded his claims, failed to exhaust them, and the statute of limitations bars them. The Court denies in part and grants in part Defendants' motion to dismiss.

---

[1] Chester styles his claim as a Fourteenth Amendment claim, but it is more properly analyzed as an Eighth Amendment claim. The Fourteenth Amendment is more appropriate for similar claims brought on behalf of pre-trial detainees, which Chester was not; however, the standard is essentially same for Eighth and Fourteenth Amendment deliberate indifference claims. *Smith v. Sangamon Cty. Sheriff's Dep't*, 715 F.3d 188, 191 (7th Cir. 2013); *see also Brown v. Budz*, 398 F.3d 904, 910 (7th Cir. 2005) (noting that there is little practical difference between the standards).

Because the Court lacks information at this stage to determine whether the statute of limitations bars Chester's claims or he has failed to exhaust them, the Court denies the motion to dismiss with respect to Counts I and IV. The Court finds, however, that Chester has insufficiently pleaded his Fourth Amendment and *Monell* claims, and dismisses Counts II and III without prejudice.

## BACKGROUND[2]

On March 18, 2013, Chester was at the barber shop at the Cook County Jail. Defendant Tucker entered the shop with approximately ten other correctional officers and told Chester to "get his 'Stool Pidgeon[3] [sic] ass' out of the barber chair." Doc. 23 ¶ 10.

On April 9, 2013, Tucker and approximately seven other unknown correctional officers took Chester out of his cell, "aggressively battered" him, searched his cell, and confiscated permitted items. *Id.* ¶ 11. At this time, Tucker yelled to the day room that Chester was wearing a wire and working with the Criminal Intelligence Unit.

Chester filed an inmate grievance regarding the April 9th incident on April 18, 2013 and requested that jail officials process the grievance as an emergency grievance. Platoon Counselor Puckett acknowledged the grievance when Chester filed it and informed him that Chester would "have problems" because he was complaining about the actions of correctional officers. *Id.* ¶ 14.

On May 22, 2013, another inmate, Alex Arroyo, attacked Chester because Tucker and Beauchamp had told inmates that Chester was a "snitch." *Id.* Chester received injuries during the attack that required medical attention. That same day, Chester filed an inmate grievance

---

[2] The facts in the background section are taken from the FAC and are presumed true for the purpose of resolving the Rule 12(b)(6) challenges. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

[3] "Stool pigeon" is slang for a criminal who informs on other criminals to the police. "Stool Pigeon," *Merriam-Webster Online Dictionary*, available at http://www.merriam-webster.com/dictionary/stool%20pigeon.

regarding the attack. After Chester filed this grievance, Internal Affairs and an Assistant State's Attorney contacted Chester regarding the May 22nd incident, but no further action occurred regarding the grievance. Chester also alleges that Tucker or Beauchamp destroyed this grievance at some point to prevent an investigation.

On June 15, 2015, Chester filed the present suit. On April 18, 2016, he filed the FAC, which Defendants now move to dismiss.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

### I. Statute of Limitations and Exhaustion

Defendants argue that Chester's claims are barred by the statute of limitations because he filed his initial complaint more than two years after the May 22, 2013 incident. The statute of limitations is an affirmative defense that need not be anticipated in the complaint in order to

survive a motion to dismiss. *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005). But that is not the case where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint reveals that an action is untimely under the governing statute of limitations." *Id.*; *see also Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (considering statute of limitations defense on motion to dismiss where relevant dates were set forth in the complaint).

Chester's § 1983 claims are governed by the forum state's statute of limitations for personal injury claims, in this case, two years. *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001); 735 Ill. Comp. Stat. 5/13–202. Additionally, federal courts borrow the state's tolling rules, including equitable tolling doctrines. *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001). Under the relevant Illinois tolling statute, the statute of limitations is tolled when there is a statutory prohibition against filing the case. 735 Ill. Comp. Stat. 5/13–216. Under the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA"), a prisoner may not bring a case under § 1983 until he has exhausted his available administrative remedies. 42 U.S.C. § 1997e(a); *Johnson*, 272 F.3d at 521. Therefore, the statute of limitations is tolled while a prisoner pursues his administrative remedies. *Johnson*, 272 F.3d at 522. Further, although the statute of limitations is borrowed from state law, federal law determines when a § 1983 claim accrues. *Wallace v. Kato*, 549 U.S. 384, 388, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007). Under federal law, § 1983 claims begin to accrue when a plaintiff knows or has reason to know that his constitutional rights have been violated. *Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992).

Chester's claim accrued when he was assaulted on May 22, 2013, and he filed his initial complaint more than two years later, on June 15, 2015. Chester filed an inmate grievance the same day the assault occurred, effectively tolling the statute of limitations on any related § 1983

claim while jail officials investigated and adjudicated the grievance. Chester alleges that at some point subsequent to filing his grievance, Internal Affairs and an Assistant State's Attorney contacted him, but that there was no further action on the grievance and additionally, that Tucker or Beauchamp at some point destroyed the grievance to prevent its investigation. Chester has not alleged an exact timeline regarding any of these facts with the exception of the filing of the initial grievance. Without more, the Court cannot determine when Chester became aware that the grievance process either terminated or became unavailable to him, thus starting the clock on the statute of limitations.

Defendants also argue that because Chester alleges that he never received a final ruling on his grievance, even if his claims are not barred by the statute of limitations, he has not exhausted his administrative remedy and therefore, the Court must dismiss his complaint pursuant to the PLRA. While this is normally the rule, it does not apply where the plaintiff alleges that defendants improperly interfered with the processing of the administrative remedy. *See, e.g.*, *Johnson*, 272 F.3d at 522 (reversing dismissal of claim at motion to dismiss stage where plaintiff never completed the prison grievance process but alleges he was thwarted in doing so by prison official misconduct). Furthermore, an inmate is not required to continue to pursue his administrative remedies if he has already submitted a grievance to the proper authorities but does not receive a response or if some misconduct on the part of prison officials prevented him from pursuing the grievance process to its conclusion. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). At this stage the Court must take Chester's pleaded allegations regarding his grievance as true. In the FAC, Chester alleges that he filed the grievance the same day as the underlying incident and that at some point, one of the Defendants destroyed the grievance and prevented Chester from pursuing his administrative remedy. Therefore, the Court

5

denies the motion to dismiss the complaint as untimely and for failure to exhaust administrative remedies.

## II.     Fourth Amendment Claim (Count II)

The Defendants move to dismiss Chester's Fourth Amendment claim for unreasonable search and seizure on the basis that the Fourth Amendment does not apply to searches and seizures in prison cells. Chester claims that when Tucker and other officers searched his cell during the April 9th encounter, they did so in violation of his Fourth Amendment rights. The Seventh Circuit has broadly stated that prisoners retain no privacy rights to their prison cells under the Fourth Amendment. *King v. McCarty*, 781 F.3d 889, 900 (7th Cir. 2015). Furthermore, Chester offered no response to Defendant's motion to dismiss this claim. Therefore the Court grants the motion to dismiss with respect to Chester's Fourth Amendment claim. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver.").

## III.    *Monell* Claim (Count III)

Cook County and Sheriff Dart seek dismissal of Chester's *Monell* claim against them, arguing that Chester has not adequately alleged that Tucker and Beauchamp's actions and Chester's subsequent injury were the result of a *de facto* policy, practice, or custom at the Cook County Jail to punish inmates who file grievances. A municipality may be held liable when "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Liability may be premised on (1) an express policy that, when enforced, causes a constitutional violation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is

so permanent and well-settled as to constitute a custom or usage with the force of law; or (3) a constitutional injury caused by a person with final policymaking authority. *McCormick v. City of Chicago*, 230 F.3d 319, 324 (7th Cir. 2000). Chester's *Monell* claim falls under the second prong.

Chester alleges that Cook County Jail has a *de facto* policy, practice, or custom to punish inmates who file grievances. To adequately allege a *Monell* policy or practice claim, Chester must "plead[ ] factual content that allows the Court to draw the reasonable inference that [Cook County and Dart] maintained a policy, custom, or practice" that contributed to the alleged violation. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (alteration in original) (citation omitted) (internal quotation marks omitted). Here Chester has not done so, only pleading the existence of such a policy in a conclusory fashion. Chester, in relying upon a single series of events limited to himself, fails to "demonstrate that there is a policy at issue rather than a random event." *Thomas v. Cook County Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010). A plaintiff pursuing a widespread policy or practice claim generally must allege more than one or even three instances of misconduct. *Id.* (declining to adopt a "bright-line rule[ ]" but indicating that there must be "more than one instance, or even three" of wrongdoing (citation omitted) (internal quotation marks omitted)). Although it is "not impossible for a plaintiff to demonstrate the existence of an official policy or custom by presenting evidence limited to his experience," doing so is "necessarily more difficult" because "what is needed is evidence that there is a true municipal policy at issue, not a random event." *Grieveson v. Anderson*, 538 F.3d 763, 774 (7th Cir. 2008) (citations omitted) (internal quotation marks omitted); *Davis v. Metro. Pier & Exposition Auth.*, No. 11 C 9018, 2012 WL 2576356, at *12 (N.D. Ill. July 3, 2012) (finding plaintiff had not adequately alleged a widespread custom or

7

practice where "[a]ll of the allegations in the Complaint pertain exclusively to [the plaintiff]"). Because all that Chester alleges in connection with Cook County and Dart's policy of punishment arises from one series of incidents only involving him, the Court cannot infer that Cook County or Dart maintain a custom or policy of punishing inmates who file grievances. Chester's experience in this case appears to be more of a "random event." *See Liska v. Dart*, 60 F. Supp. 3d 889, 905 (N.D. Ill. 2014) ("[Plaintiff's] conclusory allegation of the existence of a widespread custom is insufficient to support a *Monell* claim."). Therefore, the Court denies Chester's *Monell* claim.

## IV.     Defendant Beauchamp

Beauchamp moves to dismiss the claims against him arguing that Chester has failed to adequately allege facts establishing Beauchamp's liability. To state a claim for deliberate indifference, a plaintiff must allege that he was "incarcerated under conditions posing a 'substantial risk of serious harm'" and that individual prison officials had knowledge of this risk and disregarded that risk. *Grieveson*, 538 F.3d at 775 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)). It is well established that labeling an inmate a "snitch" may expose that inmate to serious harm and could violate the Eighth Amendment. *Merritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014).

Beauchamp asserts that Chester's only factual allegation against Beauchamp is that he destroyed the grievance Chester filed. This is incorrect. In the FAC, Chester alleges that Beauchamp told other inmates that Chester was a snitch and "continued to deliberately, falsely accuse Plaintiff of being a 'snitch' so as to put Plaintiff in danger of retaliation by other inmates." Doc. 23 ¶ 24. Chester alleges that he was in fact attacked and beaten by another

8

inmate as a result of this action. These allegations are sufficient to state a claim for deliberate indifference; therefore, the Court denies Beauchamp's motion.

## **CONCLUSION**

For the foregoing reasons, the Court grants in part and denies in part Defendants' motion to dismiss [33]. Counts I and IV remain while the Court dismisses Counts II and III without prejudice.

Dated: November 7, 2016

_____
SARA L. ELLIS
United States District Judge